MOLLIE GOLDBERG and BENJAMIN GOLDBERG, Appellants, v. CHARLES H. KOEPPEL and ELVA A. KOEPPEL, Respondents.— Action to recover damages for personal injuries and property damage caused by the collision of two automobiles. Judgment of the County Court of Nassau County in favor of defendants and against plaintiffs, dismissing the complaint on the merits at the end of plaintiffs' case, and order denying plaintiffs' motion to set aside the directed verdict, unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the General Assignment for the Benefit of Creditors of BROOK-LYN LOUNGE CO., INC., Assignor, to ABRAHAM R. ZALDIN, Assignee, Appellant. BANK OF YORKTOWN, Respondent.— Appeal by an assignee under a general assignment for the benefit of creditors from so much of an order as denies his motion to confirm his account and provides that unless, within five days, he gives a creditor access to the records required, the assignment shall be set aside as fraudulent to such creditor. Order modified on the law by striking from the last ordering paragraph everything after the words, " Ordered that the motion to confirm the account of the assignee be and the same hereby is denied." As so modified, the order, in so far as appealed from, is affirmed, without costs. The assignment cannot be set aside summarily on the ground of fraud. The judgment creditor is required to proceed in accordance with the provisions of article 10 of the Debtor and Creditor Law. In the light of all the circumstances, the assignee has not shown such fulfillment of his duties in obtaining from his assignor the books and records that are missing, or a satisfactory substitute therefor reflecting the financial condition of the assignor, as warrants confirmation of his account. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

In the Matter of the Application of EMILY H. JACKSON, Surviving Spouse, for the Determination of the Validity and Effect of Her Election to Take Her Intestate Share against the Provisions of the Will of WILLIAM H. E. JACKSON, Deceased. EMILY H. JACKSON, Appellant; ARTHUR JACKSON and Others, Respondents.— Decree of the Surrogate's Court, Kings County, made in a proceeding under section 145-a of the Surrogate's Court Act to adjudicate the validity and effect of the surviving spouse's right of election under section 18 of the Decedent Estate Law, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. The will sufficiently identifies the appellant, and, therefore, it may not be held that there is an absence of testamentary provision for the surviving spouse. It makes a specific bequest to and directs the erection of a trust for the benefit of the surviving spouse. Hence it was properly held that she is not entitled to elect to take an absolute share of the net estate as in intestacy. Hagarty, Adel and Taylor, JJ., concur; Carswell, J., concurs in the result; Johnston, J., not voting. [177 Misc. 480.]